# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WOODS COVE, III, LLC, et al., | ) | CASE NO. 5:16-cv-1016 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion filed by defendant City of Akron ("City" or "defendant") to dismiss plaintiffs' first amended complaint. (Doc. No. 22 ["Mot."].) Plaintiffs filed a response in opposition (Doc. No. 24 ["Opp'n"]) and defendant filed a reply (Doc. No. 26 ["Reply"]). Plaintiffs also filed an unopposed motion for leave to file a limited surreply. (Doc. No. 27.) That motion is granted and is deemed to be the surreply. For the reasons set forth herein, the motion to dismiss is denied.

## I. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

## II. DISCUSSION

In their first amended complaint (Doc. No. 21 ["FAC"]), plaintiffs assert claims under 42 U.S.C. § 1983 and Article I §§ 2 and 16 of the Ohio Constitution. They claim that the City's demolition of some of the structures[1] listed in the complaint constitute an unconstitutional taking, a denial of their equal protection rights, and a violation of both substantive and procedural due process. They also assert several claims based purely on state law, including breach of contract, conversion, tortious interference with contract, unjust enrichment, violation of municipal ordinances, and unconstitutional exercise of home rule powers. Underlying all of the claims are alleged property interests that plaintiffs claim by virtue of their having purchased from Summit

---

[1] Defendant claims that, although public records available on the Summit County Fiscal Office website show that several of the properties listed in the complaint are not within the city limits (Mot. at 218 n.1 [all page number references are to the page ID# supplied by the CMECF system]), plaintiffs continue to include those properties in this lawsuit. Defendant does not point to any particular properties by way of example and, although the Court may take judicial notice of public records, even on a motion to dismiss, *New England Health Care Emp. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), the burden is not on the Court to search out which properties, if any, may be properly at issue in this case.

County, through various public contracts, municipal tax lien certificates encumbering real properties allegedly located in Akron, Ohio that were ultimately demolished by the City.

**A.     Federal Claims**

In the motion to dismiss, the City asserts that plaintiffs' federal claims of takings, due process, and equal protection are not ripe (and, therefore, this Court lacks jurisdiction) because plaintiffs have failed to pursue the state remedy that is available to them. Defendants rely upon *Hensley v. City of Columbus*, 557 F.3d 693 (6th Cir. 2009), which held that, before a federal court may hear a takings claim, "(1) the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government[]; and (2) the plaintiff must have sought 'compensation through the procedures the State has provided for doing so.'" *Id.* at 696 (citations omitted). "'[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation . . . until it has used the procedure and has been denied just compensation.'" *Id.* (quoting *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 734, 117 S. Ct. 1659, 137 L. Ed. 2d 980 (1997) (further citation omitted)). In addition, where other constitutional claims (such as due process or equal protection claims) "are ancillary to taking claims [they] are subject to the same . . . ripeness requirements . . . ." *McNamara v. City of Rittman*, 473 F.3d 633, 639 n. 2 (6th Cir. 2007) (internal quotation marks and citations omitted) ("because the procedural due process claim in this case is not independent of the underlying takings claim, ripeness analysis for the takings claims necessarily subsumes ripeness analysis for the due process claim[]").

Defendant argues that the complaint fails to allege that Ohio lacks an adequate procedure for seeking just compensation for a taking. In fact, defendant asserts that there is just such a procedure – "the mandamus action." (Mot. at 220, citing *Coles v. Granville*, 448 F.3d 853, 861-65 (6th Cir. 2006).) The City neither makes reference to the Ohio statute cited by *Coles* (*see* Ohio

3

Rev. Code §§ 163.01-163.62) nor makes any argument about why that statute would apply. Defendant relies entirely upon technical pleading failures (specifically failure to allege lack of an adequate state procedure and failure to allege that plaintiffs availed themselves of the procedure) to assert that plaintiffs "have failed to effectively plead that this court has jurisdiction over their takings claim." (*Id.*) According to defendant, the claims should, therefore, be dismissed for lack of jurisdiction.[2]

In opposition, plaintiffs argue that the mandamus procedure in Ohio Rev. Code § 163.01 *et seq.* is unavailable by the express terms of the statute because plaintiffs' real properties were appropriated "as otherwise provided to abate a health nuisance or because of a public exigency as provided in a municipal charter or ordinance." (Opp'n at 238, quoting Ohio Rev. Code § 163.02(A).) Because of this exception, plaintiffs argue that any attempt to pursue a mandamus proceeding would be futile and not required. They also challenge the applicability of any case, including *Coles*, *supra*, that was decided before the October 2007 passage of the statutory amendments that added this exception. (*Id.*, citing 2007 Ohio Laws File 17 (Am. Sub. S.B. 7).) Plaintiffs assert that "[a]ttempting to compel appropriation proceedings through mandamus for an activity that is expressly carved out of the statute requiring the institution of appropriations actions – Chapter 163 of the Ohio Revised Code – would require . . . a vain and useless exercise." (*Id.* at 240-41.)

In reply, defendant claims that, by relying on the exception in the statute, plaintiffs have conceded that the properties were nuisances, effectively rendering their entire complaint moot.

---

[2] Defendant also asserts that plaintiffs' equal protection claim, aside from being unripe, is not pleaded with the requisite particularity required by *Iqbal* and *Twombly*. Defendant argues that the complaint fails in at least two ways: (1) there are no similarly situated individuals, entities, or general classes identified; and (2) there is no allegation regarding actions taken against plaintiffs that were not taken against these unidentified similarly situated persons. (Mot. at 221.)

4

Defendant claims that, if its actions constituted abatement of a nuisance, its demolition of plaintiffs' properties would not constitute a taking and, therefore, plaintiffs would not be entitled to compensation. But in the sur-reply that the Court has permitted, plaintiffs make clear what was undoubtedly obvious even to defendant when it submitted its reply – that, because the City purported to have pursued demolition under its ordinances for abating public health nuisances, those actions would, at least arguably, fall within the exception set forth in the Ohio statute rendering mandamus an ineffective remedy for plaintiffs.

Applying the standards set forth above for resolving a motion to dismiss, the Court finds that defendant's motion is not well taken. Indeed, defendant's motion is not helpful to the extent it simply recites law and fails to apply it to the specific claims and facts of this case.

That said, the Court agrees that plaintiffs' complaint, even as amended, is not a model of clarity and could, arguably, be construed as purposely evasive. But such a strategy, if proven true, can be addressed by way of various sanctions available to the Court. Although dismissal is sometimes an available sanction, it is too harsh a sanction to level at this juncture.

The Court has many questions regarding the viability of plaintiffs' federal claims. Even so, it concludes that resolution of those questions is better addressed on summary judgment or before a trier of fact, rather than on a motion to dismiss.

Therefore, to the extent the motion (Doc. No. 22) seeks dismissal of the federal claims, it is denied.

**B. State Claims**

Because defendant believes all of the federal claims must be dismissed, it urges the Court to decline supplemental jurisdiction over the various state law claims. (Mot. at 222, citing *Sussman v. Dalton*, 552 F. App'x 488, 493 (6th Cir. 2014) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citation omitted).)

Since the Court has determined that dismissal of the federal claims is not appropriate at this time, defendant's argument is unavailing. Moreover, although the complaint does not actually allege diversity jurisdiction, the Court notes that plaintiffs are all citizens of California and that the requisite jurisdictional amount is alleged. Plaintiffs could, therefore, bring their claims under 28 U.S.C. § 1332. As a result, even if the federal claims were dismissed, that would not require dismissal of the state law claims.

### III. CONCLUSION

For the reasons set forth herein, the Court denies defendant's motion to dismiss. (Doc. No. 22.) The case will proceed according to the case management deadlines set forth in the order dated May 24, 2017. (Doc. No. 34.)

**IT IS SO ORDERED**.

Dated: August 21, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**